**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GARY R. THOMPSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-706-F** |
| | ) | |
| **MARTY SIRMONS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing through counsel, brings this action pursuant

to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  Pursuant to an order entered by

United States District Judge Stephen P. Friot, the matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition

has been promptly examined.  That examination reveals that the instant petition is

second or successive to a previous petition for a writ of habeas corpus filed in this court[1]

and that this Court is without jurisdiction to consider it.  Accordingly, the undersigned

recommends that the petition be transferred to the Tenth Circuit Court of Appeals

pursuant to 28 U.S.C. § 1631.

By this action, Petitioner challenges his first degree murder conviction for which

---

[1]In Case No. CIV-97-286-L, Petitioner attacked the same conviction under attack here, raising the
following three grounds for relief:  (1) the trial court erred in failing to give a lesser included offense
instruction for second degree murder; (2) ineffective assistance of trial counsel for failing to request a lesser
included offense instruction; and (3) insufficient evidence to support his conviction. Thompson v. Ward,
No. CIV-97-286-L, Report and Recommendation, p. 2 (W.D. Okla. Nov. 30, 1999) (Roberts, M.J.), adopted
by Order, p. 2 (Mar. 7, 2000) (Leonard, J.), affirmed Thompson v. Ward, Nos. 00-6114; 00-6120, 13 Fed.
Appx. 782, 784 (10th Cir. June 19, 2001) (unpublished disposition).

he was sentenced to life imprisonment.  Case No. CF-1993-918, District Court of Oklahoma County, Oklahoma, Docket; Petition, p. 1-2.  Petitioner raises three grounds in support of his claim for relief.  In Ground One, Petitioner alleges ineffective assistance of trial and appellate counsel.  Petition, p. 5.  In Ground Two, Petitioner claims that the State violated its Brady obligation to disclose favorable evidence.  Id.  In Ground Three, the Petitioner contends that he has been denied access to the courts due to an absence of "state corrective process."  Id. at 6; Brief in Support of Petition, p. 19.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended to provide that: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Because Petitioner filed this petition after the effective date of the AEDPA, this screening function applies to the present petition. Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam).

While the claims raised in the current petition differ from those raised previously, § 2244(b)(2) requires dismissal of a petition containing a claim that was not presented in a previous petition unless certain showings are made.  Furthermore, under § 2244(b)(3)(A), the Tenth Circuit Court of Appeals must authorize this Court to consider any second or successive petition permitted by § 2244(b).  As Petitioner has not been authorized to file a second or successive petition, this Court is without jurisdiction to consider the petition. Berryhill v. Evans, 466 F.3d 934, 937 (10th Circuit 2006), cert. denied, 127 S. Ct. 1377 (2007).  Accordingly, the undersigned recommends that the

petition be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (noting that when a second or successive petition for habeas corpus relief is filed in the district court without authorization required by § 2244, the court should transfer the petition to the Circuit pursuant to 28 U.S.C. § 1631 in the interest of justice).

### RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge that the instant petition be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[2]  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 10, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is directed to transmit a copy of the petition and this Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the

---

[2]Petitioner also filed a request for an evidentiary hearing [Doc. No. 8] but this Court is without jurisdiction at this point to address it.

Respondent at the following address: fhc.docket@oag.state.ok.us.

**Entered this 21st day of August, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE